UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RESOURCES FOR INDIAN STUDENT EDUCATION, INC. (R.I.S.E.),**<br><br>**Plaintiff**<br><br>v.<br><br>**CEDARVILLE RANCHERIA OF NORTHERN PAIUTE INDIANS; CEDARVILLE RANCHERIA TRIBAL COURT; PATRICIA R. LENZI, in her capacity as Chief Judge of the Cedarville Rancheria Tribal Court,**<br><br>**Defendant** | **CASE NO. 2:14-CV-2543 JAM CMK**<br><br>**ORDER DENYING EXPEDITED ISSUANCE OF A TEMPORARY RESTRAINING ORDER**<br><br>**(Document #8)** |

This action is assigned to District Judge John A. Mendez.  Judge Mendez is not currently available.  At 12:14 p.m., Pacific Standard Time, on November 26, 2014, Plaintiffs filed a motion for a temporary restraining order and/or preliminary injunction or other equitable relief.  Plaintiffs seek expedited consideration.  Given the timing of the motion, the undersigned will briefly address Plaintiff's request for an expedited temporary restraining order to be issued immediately.

**I.  BACKGROUND**

On October 30, 2014, Plaintiff filed this action for declaratory and injunctive relief.  The primary issue is Plaintiff's desire for a Federal Court Order finding that they do not have to respond to a lawsuit filed by Defendants in the Cedarville Rancheria Tribal Court.  On November 19, 2014, Plaintiff filed a motion for a temporary restraining order seeking such relief.  On November 20, 2014, Judge Mendez issued a minute order denying that motion without prejudice.  Judge Mendez cited Plaintiff's failure to comply with Local Rule 231.  In particular, Judge

Mendez found Plaintiff had neither filed an affidavit detailing the notice or efforts to affect notice on the parties or counsel nor shown good cause why notice should not be given. In particular, Judge Mendez noted the fact Defendants had not yet been served with the complaint.

The pending motion before the Court appears to seek similar relief as the prior motion. In addition, attached to the motion is a declaration by Attorney Anthony C. Ferguson. Attorney Ferguson declares that the summons, complaint, notice of order requiring a joint status report, order re filing requirements for cases assigned to Judge Mendez, motion for temporary restraining order and/or preliminary injunction and other equitable relief, and a proposed order were served on Defendants on November 21, 2014.

**II. LEGAL STANDARDS**

A party seeking a temporary restraining order must demonstrate that the party is likely to succeed on the merits, that the party is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in the party's favor, and that an injunction is in the public interest. <u>Winter v. Natural Res. Def. Council, Inc.</u>, 129 S.Ct. 365, 374 (2008); <u>National Meat Ass'n v. Brown</u>, 599 F.3d 1093, 1097 (9th Cir. 2010). Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, a temporary restraining order may be granted without notice to the adverse party only if: "1) it clearly appears from specific facts shown by affidavit or verified complaint that immediate and irreparable injury, loss or damage will result before the adverse party can be heard in opposition, and 2) the applicant's attorney certifies the reasons that notice should not be required." Local Rule 231 reads in pertinent part as follows:

> **(a)　Temporary Restraining Orders.** Except in the most extraordinary of circumstances, no temporary restraining order shall be granted in the absence of actual notice to the affected party and/or counsel, by telephone or other means, or a sufficient showing of efforts made to provide notice. See Fed. R. Civ. P. 65(b). Appropriate notice would inform the affected party and/or counsel of the intention to seek a temporary restraining order, the date and time for hearing to be requested of the Court, and the nature of the relief to be requested. Once a specific time and location has been set by the Court, the moving party shall promptly give additional notice of the time and location of the hearing.
>
> **(b)　Timing of Motion.**　In considering a motion for a temporary restraining order, the Court will consider whether the applicant could have sought relief by

motion for preliminary injunction at an earlier date without the necessity for seeking last-minute relief by motion for temporary restraining order. Should the Court find that the applicant unduly delayed in seeking injunctive relief, the Court may conclude that the delay constitutes laches or contradicts the applicant's allegations of irreparable injury and may deny the motion solely on either ground.

. . . .

## III. DISCUSSION

The Court cannot find that Plaintiff filed this motion at the earliest date as set forth in Local Rule 231(b).  This action was originally filed on October 30, 2014.   On November 20, 2014, Plaintiff was informed by the Court of Local Rule 231 and this Court's procedures to obtain a temporary restraining order without notice to the other side.   Plaintiff then waited six days to file the present motion.   The motion was filed on the eve of this Court being closed for four days; Two days of previously scheduled court closure dates followed by two weekend days.   There is no explanation for the delay.   The only additional information before the Court is Defendants were properly served on November 21, 2014, five days ago.   Given that the complaint was originally filed on October 30, 2014, the Court finds the timing of the present motion indicates that a delay until next week when Judge Mendez is available weighs heavily against the undersigned's intervention today.

Additionally, Plaintiff has failed to show irreparable harm if the Court does not enter a temporary restraining order today, without allowing any briefing by Defendants.   The essence of the complaint is Plaintiff's contention that Defendants have no jurisdiction over it in the Tribal Court.   This issue was raised before the Tribal Court, and the Tribal Court found jurisdiction, resulting in this action.[1]   The harm Plaintiff faces is having to proceed in the Tribal Court that Plaintiff believes has no jurisdiction over Plaintiff.   While unclear, the Court speculates that Plaintiff may have some possible response due in the Tribal Court today or shortly thereafter. Plaintiff cites no cases or other authority for the proposition that a party having to proceed in an action over which a party is asserting an absence of the court's jurisdiction constitute irreparable harm.

---

[1] While the undersigned makes no formal ruling on this issue, it appears Plaintiff may have available additional review and remedies within the Trial Court.

3

In sum, Plaintiff has not adequately shown that an ex parte temporary restraining order is justified at this time.   See Local Rule 231.

**IV.  ORDER**

Accordingly, the Court ORDERS that:

1. Plaintiff's motion for an expedited temporary restraining order is DENIED;
2. Plaintiff is DIRECTED to contact Judge Mendez's Chambers next week to seek any further ruling on this motion and/or obtain a briefing schedule.

IT IS SO ORDERED.

Dated:   November 26, 2014

SENIOR DISTRICT JUDGE

4