1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                      EASTERN DISTRICT OF CALIFORNIA

10

11  RESOURCES FOR INDIAN STUDENT        No. 2:14-cv-02543 JAM CMK
    EDUCATION, INC (R.I.S.E.),
12
                                        **ORDER GRANTING DEFENDANT**
13               Plaintiff,             **CEDARVILLE RANCHERIA OF NORTHERN**
                                        **PAIUTE INDIANS' MOTION TO**
14         v.                           **DISMISS, GRANTING DEFENDANT**
                                        **CEDARVILLE RANCHERIA TRIBAL**
15  CEDARVILLE RANCHERIA OF             **COURT AND DEFENDANT PATRICIA**
    NORTHERN PAIUTE INDIANS;            **LENZI'S MOTION TO DISMISS,**
16  CEDARVILLE RANCHERIA TRIBAL         **DENYING DEFENDANT CEDARVILLE**
    COURT; PATRICIA R. LENZI, in        **RANCHERIA OF NORTHERN PAIUTE**
17  her capacity as Chief Judge         **INDIANS' MOTION FOR SANCTIONS,**
    of the Cedarville Rancheria         **AND DENYING PLAINTIFF RESOURCES**
18  Tribal Court,                       **FOR INDIAN STUDENT EDUCATION'S**
                                        **MOTION FOR A PRELIMINARY**
19               Defendants.            **INJUNCTION**

20

21       This matter is before the Court on Defendant Cedarville

22  Rancheria of Northern Paiute Indians' ("Defendant Tribe") Motion

23  to Dismiss (Doc. #14) Plaintiff Resources for Indian Student

24  Education, Inc.'s ("Plaintiff" or "RISE") Complaint (Doc. #1).

25  Defendants Cedarville Rancheria Tribal Court and Judge Patricia

26  Lenzi ("Tribal Court Defendants") bring a motion to dismiss (Doc.

27  #17) on similar grounds.  Also before the Court is Defendant

28  Tribe's motion for Rule 11 sanctions (Doc. #15) and Plaintiff's

                                 1

1  motion for a preliminary injunction (Doc. #4).  For the following

2  reasons, both Defendant Tribe and Tribal Court Defendants'

3  motions to dismiss are granted without prejudice, Defendant

4  Tribe's motion for sanctions is denied, and Plaintiff's motion

5  for a preliminary injunction is denied for lack of jurisdiction.[1]

6

7          I.  FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

8          At some point prior to December 2013, Duanna Knighton

9  resigned from her job with Defendant Tribe.  Compl. ¶ 14.  At the

10  time that she was employed with Defendant Tribe, Knighton was

11  also employed with Plaintiff RISE.  Compl. ¶ 12.  At the time of

12  her resignation, Knighton and Defendant Tribe agreed that "she

13  was owed the sum of $29,925, which represented accrued but unused

14  665 hours of sick leave."  Compl. ¶ 14.  Plaintiff alleges that

15  "it was understood that the sum would be paid to RISE to maintain

16  health insurance" for Knighton.  Compl. ¶ 14.  On December 18,

17  2013, Plaintiff received a letter from Defendant Tribe demanding

18  reimbursement of the $29,925 paid to RISE on behalf of Knighton.

19  Compl. ¶ 14.

20          On October 2, 2014, Defendant Tribe filed a complaint in

21  Cedarville Rancheria Tribal Court ("Tribal Court") against RISE

22  and Knighton.  Compl. ¶ 11.  The Tribal Court complaint ("Tribal

23  Court Action") alleges multiple causes of action against

24  Knighton, for "poor investments" that she made while employed

25  with Defendant Tribe.  Compl. ¶ 12.  Defendant Tribe also filed

26

27  [1] This motion was determined to be suitable for decision without
    oral argument.  E.D. Cal. L.R. 230(g).  The hearing was
28  scheduled for January 28, 2015.

                                    2

1  an ex parte application for a temporary restraining order against

2  RISE and Knighton in the Tribal Court Action.  Compl. ¶ 16.

3  Plaintiff alleges that this application was granted without

4  providing RISE "with prior notice of the [a]pplication or a

5  chance to be heard."  Compl. ¶16.  Plaintiff further alleges that

6  "the Tribal Court unilaterally ruled that it has subject matter

7  jurisdiction over the action[.]"  Compl. ¶ 17.  Plaintiff does

8  not allege that it has affirmatively pursued a challenge to the

9  Tribal Court's jurisdiction in the Tribal Court.

10      On October 30, 2014, Plaintiff filed a complaint (Doc. #1)

11  in this Court for declaratory and injunctive relief against

12  Defendant Tribe and Tribal Court Defendants.  Plaintiff also

13  filed a motion for a temporary restraining order on November 19,

14  2014 (Doc. #4), which was denied for failure to provide notice to

15  Defendants (Doc. #5).  On November 26, 2014, Plaintiff re-filed

16  the motion for a temporary restraining order (Doc. #8).  The

17  motion was again denied on the grounds that Plaintiff had failed

18  to show the need for an expedited ruling (Doc. #9).  Plaintiff's

19  motion for a temporary restraining order was then converted into

20  a motion for a preliminary injunction.

21

22                    II.   OPINION

23      A.   <u>Judicial Notice</u>

24      Tribal Court Defendants request that the Court take judicial

25  notice of several documents (Doc. #20).  First, they request

26  judicial notice of Plaintiff's complaint, Plaintiff's motion for

27  a temporary restraining order/preliminary injunction, the Court's

28  November 26, 2014 Order, and the parties' December 12, 2014

1  stipulation for an extension of time to file a responsive

2  pleading.   These documents are already part of the record in this

3  case, and the request is denied as unnecessary.

4      Tribal Court Defendants also request that the Court take

5  judicial notice of "the Declaration of Jack Duran, and all

6  attached exhibits submitted in support of [Defendant Tribe's]

7  motion for sanctions."  Doc. #20 at 2.  Exhibit 1, Exhibit 2,

8  Exhibit 3, and Exhibit 7 to the Duran Declaration (Doc. #28) are

9  filings from the Tribal Court Matter.  As these court filings are

10  matters of public record, they are appropriate for judicial

11  notice.  See, e.g., Sherman v. Stryker Corp., 2009 WL 2241664 at

12  *2 (C.D. Cal. 2009) (citing Lee v. City of Los Angeles, 250 F.3d

13  668, 688 (9th Cir. 2001) and Fed. R. Evid. 201). However, the

14  Court merely takes judicial notice of the existence of these

15  filings, not of the facts included therein.

16      Exhibit A, Exhibit B, and Exhibit 4 of the Duran Declaration

17  appear to be email communications between Defendant Tribe's

18  counsel and Plaintiff's counsel.  These email communications are

19  not appropriate for judicial notice and the request is denied

20  with respect to these three exhibits.

21      Exhibit 5 is an excerpt of the Federal Register noting that

22  Cedarville Rancheria is an "Indian Tribal Entity . . . Eligible

23  to Receive Benefits from the United States Bureau of Indian

24  Affairs."  This fact is a matter of public record and not subject

25  to reasonable dispute, therefore the request for judicial notice

26  is granted.

27      Exhibit 6 appears to be a slip opinion from a 2012 Ninth

28  Circuit case, Grand Canyon Skywalk Development, LLC v. Sa Nyu Wa,

4

1   <u>Inc.</u>.  This case is easily accessible on Westlaw and should have

2   simply been referred to in the briefs with a legal citation.

3   The request for judicial notice is denied.

4        Finally, Tribal Court Defendants request that the Court take

5   judicial notice of the Cedarville Rancheria Judicial Code, which

6   is attached to Plaintiff's complaint.  Documents that are

7   "attached to the complaint and incorporated within its

8   allegations" are part of the pleadings, and are properly before

9   the Court on a motion to dismiss.  <u>Shade v. Wells Fargo Bank</u>,

10  2009 WL 1704715, at *1 (E.D. Cal. June 17, 2009).  The Court need

11  not take judicial notice of a document attached to Plaintiff's

12  complaint, therefore this request is denied as unnecessary.

13       B.   <u>Discussion</u>

14            1.   <u>Motions to Dismiss</u>

15       Defendant Tribe and Tribal Court Defendants both argue that

16  Plaintiff's complaint must be dismissed in its entirety because

17  Plaintiff failed to exhaust its remedies by challenging

18  jurisdiction in the Tribal Court.  Tribe MTD at 5; Tribal Court

19  MTD at 6.  Plaintiff appears to concede that it has not exhausted

20  its remedies in the Tribal Court, but argues that the exhaustion

21  requirement does not apply because (a) "the assertion of tribal

22  court jurisdiction is 'motivated by a desire to harass or is

23  conducted in bad faith;' (b) the tribal court action is 'patently

24  violative of express jurisdictional prohibitions;' (c)

25  'exhaustion would be futile because of the lack of an adequate

26  opportunity to challenge the tribal court's jurisdiction;' and

27  (d) it is 'plain' that jurisdiction is lacking, so that the

28  exhaustion requirement 'would serve no purpose other than

5

delay.'"  Opp. to Tribe MTD at 9; Opp. to Tribal Court MTD at 10

(both citing Elliott v. White Mountain Apache Tribal Court, 566

F.3d 842 (9th Cir. 2009)).

     The Ninth Circuit has noted that "[f]ederal law has long

recognized a respect for comity and deference to the tribal court

as the appropriate court of first impression to determine its

jurisdiction."  Grand Canyon Skywalk Dev., LLC v. 'Sa' Nyu Wa

Inc., 715 F.3d 1196, 1200 (9th Cir. 2013).  The Supreme Court has

cited three reasons for this approach: (1) Congress's commitment

to "a policy of supporting tribal self-government and self-

determination;" (2) the prudence of allowing "the forum whose

jurisdiction is being challenged the first opportunity to

evaluate the factual and legal bases for the challenge;" and

(3) the interest of judicial economy, which is served "by

allowing a full record to be developed in the Tribal Court."

Nat'l Farmers Union Ins. Companies v. Crow Tribe of Indians, 471

U.S. 845, 856 (1985).

     Accordingly, "non-Indian defendants *must exhaust tribal

court remedies* before seeking relief in federal court[.]"

Burlington N. R. Co. v. Crow Tribal Council, 940 F.2d 1239, 1244

(9th Cir. 1991) (emphasis in original).  The Ninth Circuit has

noted that the exhaustion requirement applies "even where

defendants allege that proceedings in tribal court exceed tribal

sovereign jurisdiction."  Id. at 1244.  Therefore, "federal

courts should not even make a ruling on tribal court jurisdiction

. . . until tribal remedies are exhausted."  Grand Canyon

Skywalk, 715 F.3d at 1200.  However, a party need not show that

it has exhausted its tribal court remedies where:

6

> (1) an assertion of tribal jurisdiction is motivated
> by a desire to harass or is conducted in bad faith;
> (2) the action is patently violative of express
> jurisdictional prohibitions; (3) exhaustion would be
> futile because of the lack of adequate opportunity to
> challenge the court's jurisdiction; or (4) it is plain
> that no federal grant provides for tribal governance
> of nonmembers' conduct on [its] land[.]

Burlington, 940 F.2d at 1244.

If none of these exceptions apply, federal jurisdiction will not lie until all tribal remedies have been exhausted.

As noted above, Plaintiff concedes that it has not exhausted its tribal remedies.  Opp. to Tribe MTD at 7; Opp. to Tribal Court MTD at 9.  Specifically, it does not argue that it has already challenged the Tribal Court's jurisdiction in the Tribal Court.  Rather, Plaintiff argues that that it would be forced "to expend substantial money and resources to establish the lack of the Tribal Court's jurisdiction by exhausting Tribal Court remedies where [each of the four above-quoted exceptions applies.]"  Opp. to Tribe MTD at 8-9; Opp. to Tribal Court MTD at 10.  However, Plaintiff goes no further than naming each of the four exceptions to the traditional requirement of tribal court exhaustion.  Plaintiff does not address why any of these exceptions should apply to this case.  Nor does Plaintiff point to any specific factual allegations which would support the application of a specific exception to this case.  Indeed, in Plaintiff's Complaint, there are no additional specific factual allegations to support the application of each exception to the exhaustion requirement.  See Compl. ¶ 9 (citing Elliot for the four exceptions to the exhaustion requirement, but not providing

1  additional, specific supporting allegations).  Without any

2  supporting allegations, and without any further argument to

3  connect the facts of this case to one of the four exceptions

4  listed above, the Court finds that none of these exceptions

5  apply.  In light of Plaintiff's failure to exhaust its tribal

6  court remedies, this Court may "not even make a ruling on tribal

7  court jurisdiction."  <u>Grand Canyon Skywalk</u>, 715 F.3d at 1200.

8      Plaintiff's attempt to distinguish <u>Burlington</u> is

9  unpersuasive.  Opp. to Tribe MTD at 8; Opp. to Tribal Court MTD

10  at 9.  Although the factual and procedural background of

11  <u>Burlington</u> differs somewhat from that of this case, the Ninth

12  Circuit's general description of the exhaustion requirement – and

13  the four exceptions to that requirement – is nevertheless binding

14  on this Court.  <u>Burlington</u>, 940 F.2d at 1244 at 1065.  Moreover,

15  the <u>Burlington</u> court precisely addressed the issue presented

16  here, noting that the exhaustion requirement applies "even where

17  defendants allege that proceedings in tribal court exceed tribal

18  sovereign jurisdiction."  <u>Id.</u> at 1244.  Regardless of the factual

19  differences between <u>Burlington</u> and the present case, <u>Burlington</u>

20  accurately lays out the applicable legal framework.

21      Plaintiff cites a number of cases which discuss the limited

22  circumstances in which a federal court need not recognize the

23  judgment of a tribal court.  Opp to Tribe MTD at 9; Opp to Tribal

24  Court MTD at 10-11 (both citing <u>Wilson v. Marchington</u>, 127 F.3d

25  805 (9th Cir. 1997) and <u>AT & T Corp. v. Coeur d'Alene Tribe</u>, 295

26  F.3d 899 (9th Cir. 2002)).  However, the issue presently before

27  the Court is not whether the judgment of the Tribal Court should

28  be recognized and enforced; rather, the Court must initially

8

1  consider whether Plaintiff's failure to exhaust its tribal

2  remedies is fatal to its invocation of federal jurisdiction.  The

3  cases cited by Plaintiff, which discuss "comity" and

4  "recognition" of tribal court judgments, are not instructive on

5  this point.

6      As Plaintiff has failed to exhaust its tribal court remedies

7  – and as Plaintiff has failed to establish that one of the four

8  exceptions to the exhaustion requirement applies – this Court may

9  not consider the merits of Plaintiff's claim.  Burlington, 940

10  F.2d at 1244; Grand Canyon Skywalk, 715 F.3d at 1200.  The Court

11  need not – and should not – address Defendant Tribe and Tribal

12  Court Defendants' arguments with respect to sovereign immunity,

13  ripeness, and failure to state a claim, in light of Plaintiff's

14  failure to exhaust its tribal court remedies.  See Burlington,

15  940 F.2d at 1242-43 (declining to consider "jurisdictional issues

16  of constitutional dimension" before considering the exhaustion

17  issue).  Because Plaintiff can cure the jurisdictional defect by

18  exhausting its tribal court remedies, Defendant Tribe and Tribal

19  Court Defendants' motions to dismiss are granted without

20  prejudice.

21          2.   Motion for Sanctions

22      Defendant Tribe urges the Court to "impose Rule 11 sanctions

23  on Plaintiff's counsel for premature filing of the Complaint in

24  this matter."  Mot. for Sanctions at 1.  Defendant Tribe further

25  argues that "the Complaint is not legally tenable or well-

26  grounded in fact."  Mot. for Sanctions at 1.  Plaintiff responds

27  that sanctions are not appropriate because "there is a genuine

28  and legitimate dispute as to the jurisdiction asserted by" the

1  Tribal Court.  Opp. to Mot. for Sanctions at 5.

2      Rule 11 of the Federal Rules of Civil Procedure provides for

3  the imposition of sanctions when a filing is frivolous, legally

4  unreasonable, lacks factual foundation, or is brought for an

5  improper purpose.  Fed. R. Civ. P. 11(b)(1)-(4).  The Ninth

6  Circuit has established "that sanctions must be imposed on the

7  signer of a paper if either a) the paper is filed for an improper

8  purpose, or b) the paper is 'frivolous.'"  Townsend v. Holman

9  Consulting Corp., 929 F.2d 1358, 1362 (9th Cir. 1990).

10     Rule 11 sanctions are not appropriate in this case.

11  Although Plaintiff has failed to convince this Court that

12  Plaintiff's failure to exhaust its tribal court remedies should

13  be excused, the Court does not find that Plaintiff's complaint

14  was frivolous or brought for an improper purpose.  Plaintiff

15  correctly cited four well-established exceptions to the

16  exhaustion requirement, but failed to successfully argue that the

17  facts of this case merit the application of one of those

18  exceptions.  Not all unsuccessful arguments are sanctionable.

19  Defendant Tribe's motion for sanctions is denied.

20          3.   Motion for Preliminary Injunction

21     As the Court has granted Defendant Tribe and Tribal Court

22  Defendants' motions to dismiss for failure to exhaust tribal

23  remedies, the Court does not have jurisdiction to consider

24  Plaintiff's motion for a preliminary injunction.  Relatedly, the

25  Court need not consider Defendants' joint objection to

26  Plaintiff's motion, on the grounds that service was improper

27  (Doc. #22).  Plaintiff's motion for a preliminary injunction is

28  denied for lack of jurisdiction.

10

1

2                                III.   ORDER

3          For the reasons set forth above, the Court GRANTS WITHOUT

4    PREJUDICE Defendant Tribe's motion to dismiss, GRANTS WITHOUT

5    PREJUDICE Tribal Court Defendants' motion to dismiss, DENIES

6    Defendant Tribe's motion for sanctions, and DENIES Plaintiff's

7    motion for a preliminary injunction.  Plaintiff may file a First

8    Amended Complaint once it has exhausted its tribal court

9    remedies.

10         IT IS SO ORDERED.

11   Dated: February 12, 2015

12                                      _____
                                        JOHN A. MENDEZ,
13                                      UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                      11